UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| LESLIE ANN CHRISSIE,<br><br>　　　　　Plaintiff,<br><br>　　v.<br><br>WINCO FOODS, LLC; JOEL CLARK,<br><br>　　　　　Defendants. | No. 2:09-cv-02915-MCE-CKD |
| SHIRLEY JACO on behalf of herself<br>and others similarly situated,<br><br>　　　　　Plaintiff,<br><br>　　v.<br><br>WINCO HOLDINGS, INC. and Does 1<br>through 50, inclusive,<br><br>　　　　　Defendants. | No. 1:18-cv-00301-DAD-EPG |

On March 6, 2018, Defendant Winco Holdings, Inc. filed a Notice of Related Case in the above captioned actions.  ECF Nos. 108 and 3, respectively.  The Notice attempts to relate these cases based on its position that "both matters involve challenges to the same policy in similar collective bargaining agreements" and both involve the question of "whether plaintiff's section 227.3 and related state-law claims are preempted by the LMRA."  No party has filed an objection to the cases being related.

Local Rule 123(a) defines "Related Cases" as follows:

An action is related to another within the meaning of this Rule when

(1) both actions involve the same parties and are based on the same or a similar claim;

(2) both actions involve the same property, transaction, or event;

(3) both actions involve similar questions of fact and the same questions of law and their assignment to the same Judge or Magistrate Judge is likely to effect a substantial savings of judicial effort, either because the same result should follow in both actions or otherwise; or

(4) for any other reasons, it would entail substantial duplication of labor if the actions were heard by different Judges or Magistrate Judges.

While the above captioned cases involve the same Defendant, the Plaintiffs in each case are very different and claim very different factual premises for their respective terminations. Moreover, the Chrissie action—which is now a closed matter—asserted claims solely on behalf of Plaintiff Chrissie, whereas the pending Jaco action is a purported class action. And even though both actions involve claims brought under § 227.3, Jaco brings distinct additional claims that do not overlap with those raised by Chrissie. Lastly, the question of whether each state law claim is preempted is subject to individual analysis, and so relating the actions based on Defendant's preemption argument is not prudent.

The Court therefore finds that the purposes underlying Local Rule 123(a)— namely, avoiding substantial duplication of labor and conflicting decisions where the same set of facts and law apply—are not present in these cases at this time. Accordingly, the Court DECLINES to issue an order relating the cases. Defendant's request is DENIED without prejudice.

IT IS SO ORDERED.

Dated: March 17, 2018

MORRISON C. ENGLAND, JR.
UNITED STATES DISTRICT JUDGE