UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| SHIRLEY JACO on behalf of herself and all others similarly situated,<br><br>Plaintiff,<br><br>v.<br><br>WINCO HOLDINGS, INC. and Does 1 through 50, inclusive,<br><br>Defendant. | No. 1:18-cv-00301-DAD-EPG<br><br><br><u>ORDER DENYING IN PART AND GRANTING IN PART MOTION TO DISMISS</u><br><br>(Doc. No. 4) |

This matter is before the court on defendant's motion to dismiss, or in the alternative, to strike. (Doc. No. 4.) A hearing on this motion was held on May 1, 2018.[1] (Doc. No. 12.) Attorney Julie G. Yap of Seyfarth Shaw LLP appeared on behalf of defendant Winco Holdings, Inc. ("defendant" or "Winco"). Attorney Robin G. Workman of Workman Law Firm, P.C. appeared telephonically on behalf of plaintiff Shirley Jaco ("plaintiff"). For the reasons set forth below, defendant's motion to dismiss will be granted in part and denied in part.

**BACKGROUND**

In her first amended complaint, plaintiff alleges as follows. Plaintiff was formerly employed by defendant at its store located in Modesto, California, where she worked in the

---
[1] The court apologizes to the parties for the delay in the issuance of this order.

1

bakery department and as a cashier for a period of ten years. (Doc. No. 1 at 22, ¶ 3.) On November 25, 2016, plaintiff was terminated for gross misconduct related to an alleged incident of theft. (*Id.* at 4, ¶ 4.) At the time of her termination, plaintiff had accrued sixty hours of vacation time. (*Id.*) Defendant did not pay plaintiff her accrued vacation wages following her termination, citing company policy. (*Id.*)

Plaintiff was seventy-five years old when she was terminated and allegedly suffered from a kidney condition that made it necessary for her to urinate frequently. (*Id.* at 24, ¶ 5.) Plaintiff had notified defendant of this medical condition and asked for an accommodation by which she would signal for relief at her cashier station so that she could use the restroom as needed. (*Id.*) Plaintiff's manager stated that this accommodation was acceptable but, according to plaintiff, never implemented it. (*Id.*) Because plaintiff was not relieved from her cashiering station when necessary, she would frequently urinate on herself while she was working. (*Id.*)

According to plaintiff, on or around November 19, 2016, she was again denied relief when she signaled her need to use the restroom. (*Id.* at ¶ 6.) Due to stress resulting from this incident, plaintiff made a mistake of thirty dollars on her cashier's register, which she later covered with her own money. (*Id.*) The next work day, plaintiff informed her manager of the mistake and explained that she had covered the discrepancy in the register with her own money. (*Id.*) On November 25, 2016, defendant terminated plaintiff, citing her for theft and gross misconduct. (*Id.*)

In this action plaintiff asserts claims on behalf of herself and also seeks to represent a class comprised of nonexempt, hourly employees of defendant in California from four years prior to the filing date of her complaint to the present, to whom defendant did not pay all accrued vacation time at the time of their termination. (Doc. No. 1 at 24–25.) Specifically, plaintiff's first amended complaint presents nine causes of action: 1) failure to pay accrued vacation wages upon termination in violation of California Labor Code §§ 201 and 227.3 on behalf of herself and the putative class; 2) failure to provide accurate wage statements in violation of § 226(a)(1) and (5) on behalf of herself and the putative class; 3) violation of Business and Professions Code § 17200 on behalf of herself and the putative class; 4) a Private Attorney General Act ("PAGA") claim for

violation of California Labor Code §§ 2698, *et seq.* on behalf of herself; 5) disability discrimination in violation of California Government Code § 12940(a) on behalf of herself; 6) failure to prevent discrimination in violation of California Government Code § 12940(k) on behalf of herself; 7) failure to provide reasonable accommodations in violation of California Government Code § 12940(m) on behalf of herself; 8) failure to engage in the interactive process in violation of California Government Code § 12940(n) on behalf of herself; and 9) wrongful termination in violation of public policy on behalf of herself. (*See* Doc. No. 1 at 21–36.)

On March 9, 2018, defendant moved to dismiss all of plaintiff's claims. (Doc. No. 4-1.) On April 13, 2018, plaintiff filed her opposition to the motion. (Doc. No. 9.) Defendant filed its reply on April 24, 2018. (Doc. No. 10.) On August 13, 2018, defendant submitted a notice of supplemental authority, directing the court's attention to the decision in *Ehret v. WinCo. Foods, LLC*, 26 Cal. App. 5th 1 (2018). (Doc. No. 18.) On September 4, 2018, plaintiff also submitted notice of supplemental authority, directing the court's attention to the decision in *McCray v. Marriott Hotel Servs., Inc.*, 902 F.3d 1005 (9th Cir. 2018). (Doc. No. 20.)

**LEGAL STANDARD**

The purpose of a motion to dismiss pursuant to Rule 12(b)(6) is to test the legal sufficiency of the complaint. *N. Star Int'l v. Ariz. Corp. Comm'n*, 720 F.2d 578, 581 (9th Cir. 1983). "Dismissal can be based on the lack of a cognizable legal theory or the absence of sufficient facts alleged under a cognizable legal theory." *Balistreri v. Pacifica Police Dep't*, 901 F.2d 696, 699 (9th Cir. 1990). A claim for relief must contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). Though Rule 8(a) does not require detailed factual allegations, a plaintiff is required to allege "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007); *see also Ashcroft v. Iqbal*, 556 U.S. 662, 677–78 (2009). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678.

In determining whether a complaint states a claim on which relief may be granted, the court accepts as true the allegations in the complaint and construes the allegations in the light

most favorable to the plaintiff. *Hishon v. King & Spalding*, 467 U.S. 69, 73 (1984); *Love v. United States*, 915 F.2d 1242, 1245 (9th Cir. 1989). However, the court need not assume the truth of legal conclusions cast in the form of factual allegations. *United States ex rel. Chunie v. Ringrose*, 788 F.2d 638, 643 n.2 (9th Cir. 1986). It is inappropriate to assume that the plaintiff "can prove facts which it has not alleged or that the defendants have violated the . . . laws in ways that have not been alleged." *Associated Gen. Contractors of Cal., Inc. v. Cal. State Council of Carpenters*, 459 U.S. 519, 526 (1983).

## DISCUSSION

**A.   Accrued Vacation Pay**

    1.   <u>Motion to Dismiss</u>

Plaintiff's first cause of action is for failure to pay accrued vacation wages upon her termination pursuant to California Labor Code §§ 201 and 227.3. (Doc. No. 1 at 26–27.) Plaintiff alleges that she and members of the proposed class accrued vacation time, but "[p]ursuant to its policies, at the time of her termination, and at the time of the terminations of the members of the proposed Class, [d]efendant did not pay for all accrued vacation wages earned." (*Id.*) California Labor Code § 227.3 provides as follows:

> Unless otherwise provided by a collective-bargaining agreement, whenever a contract of employment or employer policy provides for paid vacations, and an employee is terminated without having taken off his vested vacation time, all vested vacation shall be paid to him as wages at his final rate in accordance with such contract of employment or employer policy respecting eligibility or time served; provided, however, that an employment contract or employer policy shall not provide for forfeiture of vested vacation time upon termination.

In the motion pending before the court, defendant first argues that plaintiff's accrued vacation wage claim is subject to dismissal because it is preempted by § 301 of the Labor Management Relations Act ("LMRA"), 29 U.S.C. § 185(a). (Doc. No. 4-1 at 12.) Second, defendant contends that plaintiff's first cause of action is premised on a negotiable right that was validly waived by way of collective bargaining agreement ("CBA"). (*Id.* at 15.) Plaintiff counters that her claim for payment of vested vacation wages upon her termination is rooted in rights guaranteed by state law, specifically § 227.3. (Doc. No. 9 at 15.) Therefore, plaintiff

4

argues that her claim is not preempted by the LMRA because its resolution does not require interpretation of the CBA and that right to be paid for accrued vacation cannot be waived by employees under California law. (*Id.*)[2] Below, the court will address in reverse order both of defendant's arguments in support of dismissal of plaintiff's first cause of action.

   *a. Exemption*

As noted, defendant moves to dismiss plaintiff's accrued vacation wage claim because the governing CBA clearly and unmistakably waived plaintiff's right to litigate a claim under § 227.3 by stating that "[v]acation earned but not taken will not be paid to employees terminated for gross negligence." (Doc. No. 4-1 at 8.) Plaintiff opposes dismissal, arguing that her right to accrued vacation pay cannot be negotiated away under California law. (Doc. No. 9 at 17–21.)

At least one district court in California has adopted the position taken by plaintiff here. In that case the court concluded that California Labor Code § 227.3

> imposes a floor on the terms of a collective bargaining agreement, expressly stating that "an employment contract or employer policy shall not provide for forfeiture of vested vacation time upon termination" and that "while parties to a collective bargaining agreement may agree to a different vacation time payout scheme than the one explicitly provided for under § 227.3, the parties may not negotiate the complete forfeiture of any employee's vested vacation time."

*Johnson v. Sky Chefs, Inc.*, No. 11-CV-05619-LHK, 2012 WL 4483225, at *8 (N.D. Cal. Sept. 27, 2012) (quotations omitted) (quoting CAL. LAB. CODE § 227.3); *see also Hicks v. Ralphs*

---

[2] As an initial matter, plaintiff argues that the court should not consider the CBA in ruling on the pending motion to dismiss because it was not explicitly discussed in or attached to her complaint. (Doc. No. 9 at 8.) This argument is unpersuasive. Defendant attached the CBA to its notice of removal. Moreover, plaintiff does not dispute the CBA's authenticity. Certainly, plaintiff cannot avoid federal preemption merely through careful pleading that avoids reference to the CBA. *See Busey v. P.W. Supermarkets, Inc.*, 368 F. Supp. 2d 1045, 1049 (N.D. Cal. 2005) ("It is not dispositive that a complaint is framed without reference to a CBA.") (citing *Allis-Chalmers Corp. v. Lueck*, 471 U.S. 202, 210-211 (1985)); *Bachilla v. Pac. Bell Tel. Co.*, No. S-07-739 RRB KJM, 2007 WL 2825924, at *4 (E.D. Cal. Sept. 25, 2007) ("[T]he critical inquiry in whether state law claims will be preempted is whether the claims require interpretation of a CBA, or [are] substantially dependent upon analysis of the terms of an agreement made between the parties in a labor contract, not whether the complaint is framed without reference to a CBA.") (citing *Busey*, 368 F.Supp.2d at 1049); *Russell v. Sywest Airlines*, No. CV 15-9500-GW (KS), 2016 WL 6917281, at * 2 (C.D. Cal. Feb. 9, 2016) (same).

*Grocery Company*, CV 12-08992 SJO (VBKx), 2013 WL 12081095, at *4 (C.D. Cal. Oct. 8, 2013) ("Although the statute [§227.3] refers to relevant portions of a collective-bargaining agreement—should any exist, it also prohibits forfeiture of the right to accrued vacation hours. Even if an agreement modifies the scope of the right, California law will not allow the parties to bargain the right away entirely. Thus, the right to vacation pay is enshrined in California's labor law . . .."); *Boothby v. Atlas Mechanical, Inc.*, 6 Cal. App. 4th 1595, 1601 (1992) ("On termination, an employee must be paid in wages for all vested but unused vacation unless a collective bargaining agreement provides for some other form of compensation.")

Subsequent to the district court's decision in *Johnson*, however, the California Court of Appeal decided *Choate v. Celite Corp.*, 215 Cal. App. 4th 1460 (2013). In that case, the plaintiffs were former employees of the defendant corporation who alleged that they had not been paid for two months of vacation time accrued prior to being laid off in violation of § 227.3. (*Id.* at 1463.) The defendant corporation argued that plaintiffs had waived their right to accrued vacation pay as part of their union's CBA. (*Id.* at 1464.) Specifically, the defendant corporation argued that based upon language in the CBA referring to the "vacation allotment" and the practice followed by the defendant in paying terminated employees only that "vacation allotment" for the year of termination without objection, plaintiffs had waived their rights to any further accrued vacation pay as authorized by § 227.3. (*Id.*) In light of these contentions, the California Court of Appeals addressed how clearly CBAs must state a waiver of rights under § 227.3 to be effective and whether the agreements at issue in the case before it were sufficient. (*Id.*) Answering these questions, the state appellate court stated:

> Celite contends that a waiver of the right to payment under section 227.3 may be inferred from the totality of the circumstances, while Plaintiffs defend the trial court's ruling that any waiver must be clearly and unmistakably stated in the collective bargaining agreement. *We agree with the trial court that section 227.3 requires any union waiver of its members' statutory right to payment under section 227.3 be made clearly and unmistakably.*
>
> * * *
>
> To be clear and unmistakable, a waiver must do more than speak in "[b]road, general language." *It must be specific, and mention either the statutory protection being waived or, at a minimum, the statute*

6

> *itself*. The Agreements here neither mention pro rata vacation pay nor cite section 227.3. Celite points out that the Agreements "affirmatively address" vacation payments upon termination. But discussing a topic while at the same time saying nothing about the statutory right at issue does not affect a clear and unmistakable waiver of that right. The trial court correctly concluded that this was insufficient to constitute a waiver in clear and unmistakable terms.

*Id*. at 1465, 1467 (emphasis added) (internal citations omitted).

It is clear from this analysis that the California Court of Appeal in *Choate* recognized that an employee may waive her right under § 227.3 to payment for accrued vacation in a collective bargaining agreement if the agreement to do so is clear and unmistakable. Indeed, interpreting § 227.3 to prohibit the forfeiture of any employee's vested vacation time under any circumstances by way of a collective bargaining agreement would seems to ignore the opening language of the statute – "[u]nless otherwise provided by a collective-bargaining agreement."[3] Although the California Supreme Court has held that forfeiture of the "right to a paid vacation, when offered in an employer's policy or contract of employment," vests as the labor is rendered and is protected from forfeiture by § 227.3, except as discussed above California courts have remained relatively silent on the specific question of whether and the extent to which that right can be waived in a CBA. *See Suastez v. Plastic Dress-Up* Co., 31 Cal. 3d 774, 784 (1982) ("Once vested, the right [to a paid vacation] is protected from forfeiture by section 227.3."); *see also Rhea v. General Atomics,* 227 Cal. App. 4th 1560, 1571 (2014) ("California law prohibits an employer from requiring the forfeiture of vacation time . . . as a general principle."); *Church v. Jamison,* 143 Cal. App. 4th 1568, 1576 (2006) ("Thus, termination of employment is the event that converts the employer's obligation to allow an employee to take vacation from work into the monetary obligation to pay that employee for unused vested vacation time."); *Boothby*, 6 Cal. App. 4th at 1601–02 ("[S]ection 227.3 and *Suastez* prohibit any forfeiture of a private employee's vested vacation time.").

/////

---

[3] For § 227.3 to establish a floor for CBAs, it would seem that the statute would have had to specify that a CBA, rather than an employment contract or employer policy as identified in the statute, "shall not provide for forfeiture of vested vacation time upon termination." CAL. LAB. CODE § 227.3.

Nonetheless, the majority of those courts to have addressed this issue have concluded that a valid waiver of employees' rights under § 227.3 may be included in a CBA, as long as the waiver is "specific, and mention[s] either the statutory protection being waived or, at a minimum, the statute itself." *Choate*, 215 Cal. App. 4th at 1467; *Reyes v. CVS Pharmacy*, No. 1:13-cv-00420-AWI-GSA, 2014 WL 584317, at * 6–7 (E.D. Cal. Feb. 12, 2014) ("Moreover, under California law, this right [under § 227.3] is relinquished only if the CBA unmistakably waives that right."); *Chissie v. WinCo Foods, LLC*, No. 2:09-CV-02915-MCE, 2012 WL 487652, at *7 (E.D. Cal. Feb. 14, 2012) ("In fact, California Labor Code § 227.3 creates an exception to the general rule that any unpaid vacation wages shall be paid at termination when the applicable CBA provides to the contrary."); *see also Ehret v. WinCo. Foods, LLC*, 26 Cal. App. 5th 1, 10 (2018) (finding that a CBA included a clear and unmistakable waiver of the statutory right to a meal break under California Labor Code § 512 even though the word "waiver" was not used and § 512 was not cited in the CBA); *Alarcon v. Windsor Terrace Healthcare, LLC,* 2016 WL 4844538, at *3 (C.D. Cal. Aug. 19, 2016) (assuming without deciding that the CBA provided a defense to plaintiff's vacation wage claims brought under § 227.3, no interpretation of the CBA was required, and the claims were not preempted by the LMRA); *Henry v. Amrol, Inc*. 222 Cal. App. 3d Supp. 1, 5–7 (1990) (recognizing that § 227.3 protects vested vacation pay from forfeiture, but acknowledging that the statute itself "defines the only acceptable waiver as one embodied in a collective bargaining agreement.").

The court has had difficulty harmonizing these authorities. Nonetheless, the undersigned now concludes that under California law, if a CBA is "clear and unmistakable" in doing so, the parties to such an agreement may waive an employee's right to accrued vacation pay, if not entirely or completely (*see Johnson*, 2012 WL 4483225, at *8), at the very least under specific circumstances identified in the CBA. Here, the applicable CBA specifically states that "[v]acation earned but not taken *will not be paid to employees terminated for gross misconduct.*" (Doc. No. 1-2 at 6) (emphasis added). Though this language does not explicitly waive employees' rights under § 227.3, it "clearly and unmistakably" identifies the right at issue (i.e., pay for accrued vacation) and waives a plaintiff's right to be paid for accrued but unused vacation

8

time under § 227.3 if terminated for gross misconduct.  *See Choate*, 215 Cal. App. 4th at 1467.

   *b.  Preemption*

"Section 301 of the LMRA provides that all suits seeking relief for violation of a CBA may be brought in federal court." *Humble v. Boeing Co.*, 305 F.3d 1004, 1007 (9th Cir. 2002). "[I]f the resolution of a state-law claim depends upon the meaning of a collective-bargaining agreement, the application of state law (which might lead to inconsistent results since there could be as many state-law principles as there are States) is pre-empted and federal labor-law principles–necessarily uniform throughout the Nation–must be employed to resolve the dispute." *Lingle v. Norge Div. of Magic Chef, Inc.*, 486 U.S. 399, 405–06 (1988).

To determine whether a state-law cause of action is pre-empted by the LMRA § 301, a court inquires

> whether the asserted cause of action involves a right conferred upon an employee by virtue of state law, not by a CBA.  If the right exists solely as a result of the CBA, then the claim is preempted, and our analysis ends there.  If, however, the right exists independently of the CBA, we must still consider whether it is . . . substantially dependent on analysis of a collective-bargaining agreement.  If such dependence exists, then the claim is preempted by section 301; if not, then the claim can proceed under state law.

*Burnside v. Kiewit Pac. Corp.*, 491 F.3d 1053, 1059–60 (9th Cir. 2007) (internal citations and quotations omitted).  A state law right is "substantially dependent" on the terms of a CBA if resolution of the claim requires interpreting the CBA.  *See Livadas v. Bradshaw*, 512 U.S. 107, 125 (1994); *McCray v. Marriott Hotel Services, Inc.*, 902 F.3d 1005, 1011 (9th Cir. 2018); *see also Cramer v. Consol. Freightways, Inc.*, 255 F.3d 683, 691 (9th Cir. 2001) ("The demarcation between preempted claims and those that survive § 301's reach is not, however, a line that lends itself to analytical precision.").  "[W]hen the meaning of contract terms is not subject to dispute, the bare fact that a collective bargaining agreement will be consulted in the course of state-law litigation plainly does not require the claim to be extinguished." *Livadas*, 512 U.S. at 124.  Thus, the term "interpret" has been defined narrowly in this context and has been found to "mean[ ] something more than 'consider,' 'refer to,' or 'apply.'" *McCray*, 902 F.3d at 1011 (quoting *Balcorta v. Twentieth Century-Fox Film Corp.*, 208 F.3d 1102, 1108 (9th Cir. 2000)).

9

Even assuming *arguendo* that the right at issue in this cause of action exists independently of the CBA, the court must still consider whether the right is substantially dependent on the CBA to determine whether the claim is preempted under § 301. *See Burnside*, 491 F.3d at 1059. Here, plaintiff was terminated after being cited for theft and gross misconduct (Doc. No. 1 at 24, ¶ 6), meaning that a determination of plaintiff's claim brought under § 227.3 would still require analyzing the CBA provisions to understand the meaning and significance of "gross misconduct" as used in that agreement. By including the language "[v]acation earned but not taken will not be paid to employees terminated for gross misconduct," the CBA contemplated the issue raised by plaintiff's claim and is therefore not irrelevant to the parties' dispute. *See Cramer v. Consol. Freightways, Inc.*, 255 F.3d 683, 695 (9th Cir. 2001), *as amended* (Aug. 27, 2001) (holding that the CBA did not contemplate the activity plaintiffs challenged in their state law claim and thus, the district court's determination that preemption applied was erroneous); *Livadas*, 512 U.S. at 125 (finding no preemption under § 203 because "[b]eyond the simple need to refer to bargained-for wage rates in computing the penalty, the collective-bargaining agreement is irrelevant to the dispute (if any) between Livadas and Safeway.") "Because there was a live dispute over the meaning of a particular provision of the relevant CBA, resolving the case would mean that the court must interpret, not just refer to or look at the agreement." *McCray*, 902 F.3d at 1012; *see also Chissie*, 2012 WL 487652, at *7 ("[A]ny analysis of the merits of Plaintiff's claim for unpaid vacation is also preempted by the LMRA since the propriety of Defendants' failure to pay such wages rests exclusively on the provisions of the CBA which must necessarily be interpreted. Because a determination of plaintiff's claim under § 227.3 necessarily requires analyzing the CBA, it is preempted under § 301 of the LMRA.") Here, the court concludes that plaintiff's claim requires analyzing the CBA and is therefore preempted under § 301 of the LMRA.

Defendant also moves to dismiss plaintiff's second, third, and fourth causes of action, arguing that such claims are derivative of plaintiff's first cause of action brought under § 227.3. (Doc. No. 4-1 at 16.) Defendant's argument in this regard is persuasive.

In her second cause of action, plaintiff alleges that defendant violated California Labor Code § 226(a) because her final paycheck did not reflect an itemized statement showing that she

10

was paid for accrued vacation time as wages. (Doc. No. 1 at 27.) In her third cause of action, plaintiff alleges that defendant violated California Business and Professions Code § 17200, California's Unfair Competition Law ("UCL"), based on defendant's alleged violation of § 227.3. (*Id.* at 27–28.) Plaintiff's fourth cause of action arises under PAGA based on alleged violations of California Labor Code § 227.3 and 226(a). (*Id.* at 28–29.) All three of these claims are therefore clearly derivative of the alleged § 227.3 violation. Because the underlying § 227.3 claim is preempted and must be dismissed, plaintiff's claims that are derivative of the § 227.3 claim also fail. *See Hall v. Live Nation Worldwide, Inc.*, 146 F. Supp. 3d 1187, 1204 (C.D. Cal. 2015) (dismissing claims under § 226, the UCL, and PAGA because all three claims required interpretation of the CBA and were therefore preempted).

2. Leave to Amend

Next, the court addresses plaintiffs' request for leave to amend her complaint. (Doc. No. 9 at 29.) The Federal Rules of Civil Procedure provide that "[t]he court should freely give leave [to amend the pleadings] when justice so requires." Fed. R. Civ. P. 15(a)(2). Nevertheless, leave to amend need not be granted when the amendment: (1) prejudices the opposing party; (2) is sought in bad faith; (3) produces an undue delay in litigation; or (4) is futile. *See AmerisourceBergen Corp. v. Dialysist W. Inc.*, 465 F.3d 946, 951 (9th Cir. 2006) (citing *Bowles v. Reade*, 198 F.3d 752, 757 (9th Cir. 1999)). Amendment is therefore proper "if the deficiencies can be cured with additional allegations that are 'consistent with the challenged pleading' and that do not contradict the allegations in the original complaint.'" *United States v. Corinthian Colls.*, 655 F.3d 984, 955 (9th Cir. 2011) (citing *Reddy v. Litton Indus., Inc.*, 912 F.2d 291, 296–97 (9th Cir. 1990)).

Given the analysis set forth above, the court is persuaded that the granting plaintiff further leave to amend her first four causes of action would be futile. Plaintiff's claim under § 227.3 has been dismissed because it necessarily requires an analysis of the terms of the CBA and is therefore preempted under § 301 of the LMRA. Any possible amendment of these causes of action of the complaint could not change this determination. *See Bonin v. Calderon*, 59 F.3d 815, 845 (9th Cir. 1995) ("Futility of amendment can, by itself, justify the denial of a motion for leave

to amend."); *see also Arnstein v. MVM, Inc.*, No. 12-10666-RWZ, 2012 WL 4863043, *2 (D. Mass. Oct. 12, 2012) (because "[plaintiffs' claims are preempted under Section 301of the LMRA . . . leave to amend must be denied as futile."). Accordingly, leave to amend these causes of action will be denied.

        3.        <u>Motion to Strike</u>

Plaintiff purports to represent a "class comprised of non-exempt, hourly, employees employed by [d]efendant in California from four years prior to the filing date of this complaint to the present, whom [d]efendant did not pay all accrued vacation time at the time of their termination." (Doc. No. 9-1 at 8.) Defendant moves to strike plaintiff's putative class and representative claims, which are based on alleged violations of § 227.3. (Doc. No. 4-1 at 16.)

Rule 12(f) states that courts may strike "from any pleading any insufficient defense or any redundant, impertinent, or scandalous matter." Fed. R. Civ. P. 12(f). "Motions to strike are regarded with disfavor, as they are often used as delaying tactics, and should not be granted 'unless it is clear that the matter to be stricken could have no possible bearing on the subject matter of the litigation.'" *Collins v. Gamestop Corp.*, No. C10-1210-TEH, 2010 WL 3077671, at *2 (N.D. Cal. Aug. 6, 2010) (citing *Colaprico v. Sun Microsystems, Inc.*, 758 F. Supp. 1335, 1339 (N.D. Cal. 1991). A motion to strike is, however, "properly granted where plaintiff seeks a form of relief that is not available as a matter of law." *Cholakyan v. Mercedes-Benz USA, LLC*, 796 F. Supp. 2d 1220, 1245 (C.D. Cal. 2011). In ruling on a motion to strike under Rule 12(f) the court must view the pleading in the light most favorable to the nonmoving party. *Id.*

Because plaintiff's wage related claims have been dismissed on preemption grounds, her class allegations, which are based on the same alleged violation of state law, will be stricken. *See Canary v. Youngevity International, Inc.*, Case No. 5:18-cv-03261-EJD, 2019 WL 1275343, at *9 (N.D. Cal. Mar. 20, 2019) ("Because Canary has not sufficiently alleged a violation of the TCPA, the motion to strike [the class allegations] will be granted."); *Sanders v. Apple Inc.*, 672 F. Supp. 2d 978, 990 (N.D. Cal. 2009) (striking class allegations, with leave to amend, with respect to dismissed claims).

/////

**B.     Individual Claims Based on Alleged Disability**

Plaintiff also brings the following five claims under the California Fair Employment and Housing Act ("FEHA"):  physical disability discrimination and/or retaliation; defendant's failure to take steps to prevent discrimination in the workplace; failure to provide reasonable accommodations for plaintiff's disability; failure to engage in the interactive process; and wrongful termination in violation of public policy.  (Doc. No. 9-1 at 12–17.)

Defendant makes several arguments as to why plaintiff's disability discrimination claims must be dismissed.  (Doc. No. 4-1 at 21–23.)  First, defendant argues that plaintiff does not allege with sufficient detail that her kidney condition constitutes a disability.  (*Id.* at 22.)  Next, defendant argues that plaintiff's admission that she was terminated for theft and gross misconduct establishes a legitimate, non-discriminatory reason for her termination.  (*Id.* at 22.)  Finally, defendant argues that plaintiff's amended complaint does not contain plausible factual allegations that would support the conclusion that her termination was pretextual.  (*Id.* at 23.)

Plaintiff responds that she has plausibly plead with sufficient detail that she suffered from a disability.  (Doc. No. 9 at 28.)  Additionally, plaintiff argues that the allegations of her operative complaint should certainly not be viewed as an admission of the viability of defendant's affirmative defense, especially since the reason given by defendant for her termination was subsequently rejected by the California Unemployment Insurance Appeals Board.  (*Id.*)  Lastly, plaintiff argues that, although she has not used the word "pretext" in the operative complaint, the explanation given by defendant for her dismissal clearly suggests a pretextual termination.  (*Id.*)

A prima facie case for disability discrimination under FEHA based on grounds of physical disability requires that the plaintiff:  1) establish that she suffers from a disability; 2) is otherwise qualified to do her job; and 3) was subject to an adverse employment action because of her disability.  *Faust v. California Portland Cement Co.*, 150 Cal. App. 4th 864, 886 (2007).  Under FEHA, a "physical disability" is any "physiological disease, disorder or condition" that both affects a specific bodily system and limits a major life activity.  Cal. Gov't Code § 12926(m).  "A mental or psychological disorder or condition limits a major life activity if it makes the achievement of the major life activity difficult."  *Id.* at § 12926(j)(1)(B); *Gelfo v. Lockheed*

*Martin Corp.*, 140 Cal. App. 4th 34, 46 (2006). Additionally, a person is physically disabled if the individual is "regarded or treated by the individual's employer as having, or having had, any condition that makes achievement of a major life activity difficult, or as having, or having had, a physiological condition that is not presently disabling, but that may become so." *Id.* at 45 (internal quotations omitted); *see also Vasconcellos v. Sara Lee Bakery*, No. C 13–2685 SI, 2013 WL 6139781, at *3 n.3 (N.D. Cal. Nov. 21, 2013).

Here, plaintiff has not sufficiently pled that she suffered from a disability. Plaintiff does not allege the specific medical condition or conditions from which she suffers, but instead, states merely in her complaint that she suffers from a "kidney condition that caused [her] to have urgent needs to urinate." (Doc. No. 1 at 23.) *Cf. Alejandro v. ST Micro Elecs., Inc*, 129 F. Supp. 3d 898, 908 (N.D. Cal. 2015) (allegations of bipolar disorder, generalized anxiety disorder, and debilitating allergies were "specific conditions from which Plaintiff suffer[ed]" and therefore, were specific enough to survive a motion to dismiss under the ADA and FEHA). Plaintiff has also failed to allege how frequently she "suffer[ed] an urgent need to urinate" or how severe the condition was. Factual allegations of this sort are necessary to indicate that the condition limited a major life activity. *See* Cal. Gov't Code § 12926(m); *see also Ravel v. Hewlett-Packard Enter., Inc.*, 228 F. Supp. 3d 1086, 1092 (E.D. Cal. 2017) (allegations that plaintiff's sciatica and disc condition prevented her from sitting or standing for more than thirty minutes, or lifting anything heavier than ten pounds were sufficient to state a disability within the meaning of the ADA). Plaintiff has also failed to plead the duration of the alleged condition, as well as any resulting long term or permanent impact. *See Ravel*, 228 F. Supp. 3d at 1092 (allegations that the effects of plaintiff's condition and her need for accommodation were permanent, though her condition would improve with proper treatment, were sufficient to state a claim). Further, plaintiff fails to identify in the allegations of the operative complaint the "one or more of her major life activities" that were impacted because of her condition. (Doc. No. 9-1 at 12.) Without allegation of such factual details, the court is unable to determine whether plaintiff's alleged condition makes achievement of a major life activity difficult and thus constitute a protected condition under FEHA. *See Alejandro*, 129 F. Supp. 3d at 908 (allegations that plaintiff's medical conditions

14

significantly limited major life activities, including walking and communicating, satisfied the ADA and FEHA definitions of a disability); *Ellis v. City of Reedley*, No. CVF0501474AWI SMS, 2007 WL 1098571, at *11 (E.D. Cal. Apr. 12, 2007) ("The concept of disability necessarily incorporates the idea of exceptionality. If a condition is universal, it cannot be said to be a disability because all members of the society are burdened equally with respect to that condition."); *Wilmarth v. City of Santa Rosa*, 945 F. Supp. 1271, 1276 (N.D. Cal. 1996) ("Temporary, non-chronic impairments of short duration, with little or no long term or permanent impact, are usually not disabilities.").

At the hearing on the pending motion, counsel indicated that plaintiff could supplement her complaint with additional factual allegations detailing her alleged disability if granted leave to do so. Therefore, plaintiff's fifth and ninth claims for relief based on disability discrimination will be dismissed with leave to amend. Because plaintiff's sixth, seventh, and eighth claims for relief are derivative of her disability discrimination claims, they too will be dismissed with leave to amend.

**C.     Injunctive Relief**

Defendant argues that plaintiff's prayer for injunctive relief must be dismissed because plaintiff is not currently employed by defendant. (Doc. No. 4-1 at 16–18.) Plaintiff did not oppose defendant's motion to dismiss in this regard. Accordingly, plaintiff's request for injunctive relief will be dismissed.

**CONCLUSION**

For all the reasons set forth above:

1. Plaintiff's first through fourth causes of actions are dismissed with prejudice;
2. Plaintiff's class and representative claims, which are based on alleged violations of California Labor Code § 227.3, are stricken;
3. Plaintiff's fifth through ninth causes of actions are dismissed with leave to amend;
4. Plaintiff is ordered to file a second amended complaint within thirty (30) days of this order; and

5. The case is referred to the assigned magistrate judge for the setting of a scheduling conference.

IT IS SO ORDERED.

Dated: **March 31, 2019**

*/s/ Dale A. Drozd*
UNITED STATES DISTRICT JUDGE