WORKMAN LAW FIRM, PC
Robin G. Workman (Bar #145810)
robin@workmanlawpc.com
Rachel E. Davey (Bar #316096)
rachel@workmanlawpc.com
177 Post Street, Suite 800
San Francisco, CA 94108
Telephone:  (415) 782-3660
Facsimile:  (415) 788-1028

*Attorneys for Plaintiff, Shirley Jaco on behalf of herself and all other similarly situated*

UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| SHIRLEY JACO on behalf of herself and all others similarly situated,<br><br>Plaintiff,<br><br>vs.<br><br>WINCO HOLDINGS, INC. and Does 1 through 50, inclusive,<br><br>Defendants. | No. 1:18-cv-00301-DAD-EPG<br><br>**SECOND AMENDED CLASS ACTION COMPLAINT** |

Plaintiff Shirley Jaco ("Jaco" or "Plaintiff"), hereby alleges as follows:

1. This action alleges that Defendant WinCo Holdings, Inc., d/b/a WinCo Foods (hereinafter "WinCo" or "Defendant"):  (1) failed to pay Plaintiff, and those similarly situated WinCo employees, all accrued vacation wages upon their termination in violation of California Labor Code sections 201 and 227.3; and, (2) failed to provide accurate wage statements to Plaintiff, and those similarly situated WinCo employees, as required by California Labor Code section 226, in that the wage statements did not reflect the accrued vacation wages owed to Plaintiff and those similarly situated upon their termination.   Because Defendant knew of the amount of the accrued vacation wages at the time of the termination of Plaintiff, and those

similarly situated WinCo employees, its failure to pay all accrued vacation wages at the time of termination was willful and entitles Plaintiff, and those similarly situated WinCo employees, to penalties as set forth in California Labor Code section 203.

2. This action seeks relief for unremedied violations of California law, including, inter alia; damages, and/or restitution, as appropriate, to members of the proposed Class, and to victims of the practices at issue, who have not been paid for accrued vacation wages upon their termination, and therefore did not receive all wages due on termination, and who have failed to receive accurate wage statements. Plaintiff is informed and believes that the damages, accrued vacation wages, restitution, penalties, interest and attorneys' fees do not exceed an aggregate of $4,999,999.99 and that the pro-rata value of Plaintiff's individual claims, including damages, back wages, restitution, interest, attorneys' fees, and penalties, does not exceed $74,999.99.

3. Plaintiff is an adequate and proper class representative. Plaintiff brings this action in her individual capacity, on behalf of all others similarly situated WinCo employees in California, and pursuant to California Business & Professions Code section 17204, on behalf of the general public. Plaintiff is a former employee of Defendant. Except for a few months when she worked in the bakery department, throughout her ten-year employment with Defendant, Defendant employed Plaintiff as a cashier in its store located in Modesto, California.

4. On approximately November 25, 2016, Defendant terminated Plaintiff. Defendant stated that it terminated Plaintiff for gross misconduct, a determination subsequently rejected by the California Unemployment Insurance Appeals Board. When Defendant terminated Plaintiff, Plaintiff had 60 hours of accrued, unused vacation time. Defendant did not pay Plaintiff her accrued, unused vacation wages at the time of her termination, despite Plaintiff's numerous requests that Defendant do so. Defendant refused to pay this accrued, unused vacation time, stating that its refusal to do so was pursuant to its policy. Defendant's policy of refusing to pay accrued, unused vacation time upon termination applied to all of its California employees throughout the pertinent time period, i.e., four years from the filing of this complaint. This policy and practice resulted in the California employees not receiving accrued vacation wages upon their termination and not receiving accurate wage statements, as the wage

statements do not reflect the accrued vacation wages owed. Defendant was at all times aware of the precise vacation time accrued by its California employees, as it reflects accrued vacation time on wage statements provided to its California employees. Because of Defendant's actions, it (1) failed to pay its California employees accrued vacation wages upon their termination; (2) failed to pay all wages due, as the accrued vacation time constitutes wages; and, (3) failed to provide accurate wage statements to its California employees as required by California Labor Code section 226, in that the wage statements did not reflect the accrued vacation wages owed at termination.

5. At the time of her termination, Plaintiff was approximately 75 years old and suffered from "Urgency or Urge Incontinence." Urge or Urgency Incontinence is caused by abnormal bladder contractions. Normally, strong muscles called sphincters control the flow of urine from the bladder. With Urgency Incontinence, the muscles of an overactive bladder contract with enough force to override the sphincter muscles of the urethra, which is the tube that takes urine out of the body. Urgency Incontinence causes those suffering from the condition to suffer from intense urges to urinate followed by involuntary urination. If Plaintiff was not allowed to go to the restroom when these needs arose, she would involuntarily urinate on herself. Plaintiff's condition was so severe that it would cause Plaintiff to feel the urgent need to urinate during each of her four-hour shifts, sometimes on multiple occasions during a shift.

6. During the time that Plaintiff suffered from Urgency Incontinence, from approximately August of 2016, to approximately March of 2017, Plaintiff has met the definition of "physically disabled," as Plaintiff had a physiological condition that "[l]imits a major life activity." Cal. Gov. Code § 12926(m)(1)(B). A qualifying condition "limits a major life activity" if it makes the achievement of the activity difficult. Cal. Gov. Code § 12926(m)(1)(B)(ii). The term "major life activities" is "broadly construed" and "includes physical, mental, and social activities and working." Cal. Gov. Code § 12926(m)(1)(B)(iii). "Working" is a major life activity, under the California Government Code, regardless of whether the actual or perceived working limitation implicates a particular employment or a class or broad range of employments.

Cal. Gov. Code § 12926.1(c). Because urgency incontinence impacted all aspects of Plaintiff's life, it therefore impacted all of Plaintiff's major life activities, including work.

7. Plaintiff notified Defendant of her medical condition and asked, as a reasonable accommodation, that when Plaintiff needed to urinate, that she be able to get relief from Lead Clerks, and/or turn off her cashiering station light, so that she could go to the restroom. Although Plaintiff's manager told Plaintiff that this accommodation was acceptable, her manager never implemented this accommodation. As a result, when Plaintiff's urgency incontinence caused her to need to urinate and Plaintiff turned on her light, about 80-90% of the time, no one came to Plaintiff's aid and she was not relieved from her cashiering station, or if they came, they came too late, causing Plaintiff to urinate on herself, as no one would allow her to go to the restroom.

8. On or about November 19, 2016, Plaintiff was under significant stress because she needed to urinate due to her Urgency Incontinence and, despite her requests for accommodation, no one would relieve her to allow her to use the restroom. In the midst of this stress, Plaintiff made a $30.00 mistake on her register, that Plaintiff covered with her own money. On or about the next work day, Plaintiff informed her manager of the mistake and that she had used her own money to cover the shortage. As a result, on November 25, 2016, Defendant terminated Plaintiff. Although Defendant informed Plaintiff that it was terminating Plaintiff for theft and gross misconduct, Plaintiff did not take anything from Defendant and committed no actions that could constitute theft or gross misconduct.

9. As a proximate result of Defendant's discrimination, retaliation, failure to provide an accommodation, and engage in the interactive process, Plaintiff suffered and continues to suffer substantial losses in earnings, bonuses, deferred compensation and other employment benefits, and has suffered and continues to suffer embarrassment, anger, humiliation, frustration and other highly unpleasant mental anguish all in an amount according to proof.

10. Plaintiff filed a timely charge of disability discrimination, retaliation, and wrongful termination with the Department of Fair Employment and Housing ("DFEH") and, on or about October 30, 2017, received a timely notice of the right to sue in California Superior

Court pursuant to California Government Code section 12965(b), permitting Plaintiff to bring this action. Therefore, Plaintiff exhausted all of her administrative remedies.

11. Defendant, in doing the acts and failing to do the acts as herein alleged, acted maliciously, fraudulently, and oppressively, with the wrongful intention of injuring Plaintiff, and in conscious disregard of said Plaintiff's rights. In addition, Defendant abused its position of authority and ratified the discriminatory conduct of their employees. Plaintiff is thus entitled to recover punitive damages from Defendant, in an amount according to proof.

12. Defendant, is, and at all relevant times was, doing business in the State of California and is an employer under applicable Industrial Welfare Commission Orders.

13. The names and capacities of defendants sued herein under California Code of Civil Procedure section 474 as Does 1 through 50, inclusive, are presently not known to Plaintiff, who therefore sues these defendants by such fictitious names. Plaintiff will seek to amend this Complaint and include these Doe Defendant's names and capacities when they are ascertained. Each of the fictitiously named defendants is responsible in some manner for the conduct alleged herein and for the injuries suffered by Plaintiff.

14. At all times mentioned in the causes of action alleged herein, each and every Defendant was an agent and/or employee of each and every other Defendant. In doing the things alleged in the causes of action stated herein, each and every Defendant was acting within the course and scope of this agency or employment and was acting with the consent, permission and authorization of each of the remaining Defendant. All actions of each Defendant as alleged in the causes of action stated herein were ratified and approved by every other Defendant or their officers or managing agents.

15. This action seeks relief on behalf of a class comprised of non-exempt, hourly, employees employed by Defendant in California from four years prior to the filing date of this complaint to the present, whom Defendant did not pay all accrued vacation time at the time of their termination ("the Class").

16. The proposed Class is sufficiently numerous, consisting of more than 50 individuals but fewer than 100, geographically dispersed throughout California, such that the

joinder of all proposed Class Members in one action is impracticable, and the disposition of whose claims in a class action will provide substantial benefits to both the parties and the Court.

17.    There is a well-defined community of interest in the questions of law and fact involved affecting the parties to be represented.  The questions of law and fact common to the proposed Class predominate over questions that may affect individual proposed Class Members, including but not limited to the following:

    a.    Whether Defendant implemented and engaged in a systematic practice whereby it unlawfully failed to pay all accrued, unused vacation wages upon termination;

    b.    Whether Defendant implemented and engaged in a systematic practice whereby it willfully failed to pay all accrued, unused vacation wages upon termination;

    c.    Whether Defendant implemented and engaged in a systematic practice whereby it failed to provide accurate wage statements to employees;

    d.    Whether the systematic acts and practices of Defendant as alleged herein violated, inter alia, applicable provisions of the California Labor Code, including but not limited to sections 201, 203, 204, 226, 227.3, and 2698, applicable Industrial Welfare Commission Orders, and California Business & Professions Code section 17200, et seq.

18.    Because at the time of her termination, Plaintiff had accrued vacation time, for which Defendant refused to pay Plaintiff, and failed to receive timely and accurate wage statements, Plaintiff asserts claims that are typical of the claims of the proposed Class.

19.    Plaintiff will fairly and adequately represent and protect the interests of the proposed Class in that she has no disabling conflict of interest that would be antagonistic to those of the other members of the Class.  Plaintiff retained counsel who is competent and experienced in the prosecution of class action wage and hour violations.

20.    Plaintiff and the members of the proposed Class have all similarly suffered irreparable harm and damages as a result of Defendant's unlawful and wrongful conduct,

including but not limited to Defendant's systematic failure to pay accrued vacation wages upon termination, systematic failure to pay all accrued vacation wages when due, and systematic failure to provide accurate wage statements, makes class treatment especially appropriate. Absent this action, Defendant's unlawful conduct will continue unremedied and uncorrected.

## FIRST CAUSE OF ACTION

**(Failure to Pay Accrued Vacation Wages Upon Termination Pursuant to California Labor Code §§ 201 and 227.3; and Penalties Pursuant to Labor Code § 203 on Behalf of Plaintiff and the Class)**

21. Plaintiff and the members of the proposed Class incorporate by reference the allegations contained in the foregoing paragraphs of this complaint as if fully set forth herein.

22. During all relevant periods, Plaintiff and the members of the proposed Class accrued vacation time pursuant to Defendant's written policies. At the time of her termination, Plaintiff had accrued vacation time. Pursuant to its policies, at the time of her termination, and at the time of the terminations of the members of the proposed Class, Defendant did not pay for all accrued vacation wages earned. Defendant knew the precise amount of vacation time accrued pursuant to its written policies, as it reflects accrued vacation time on the wage statements of Plaintiff and the members of the proposed Class.

23. During all relevant periods, the California Labor Code, sections 201 and 227.3, required employers to pay employees, upon termination, all wages owed, including all accrued vacation wages. Because Defendant failed to pay Plaintiff, and the members of the proposed Class for all vacation wages accrued at the time of termination, Plaintiff and the members of the proposed Class are entitled to recover the penalties provided in Labor Code section 203.

24. Plaintiff and the members of the proposed Class are therefore entitled to the relief requested below.

## SECOND CAUSE OF ACTION

**(Failure to Provide Accurate Wage Statements Pursuant to California Labor Code Section 226 on Behalf of Plaintiff and the Class)**

25. Plaintiff and the members of the proposed Class incorporate by reference the

allegations contained in the foregoing paragraphs of this complaint as if fully set forth herein.

26. During all relevant periods, Defendant failed to pay Plaintiff and the members of the proposed Class for accrued vacation wages at the time of termination. This failure violated California Labor Code sections 201 and 227.3.

27. As a result of Defendant's failure to pay all accrued and earned vacation wages upon termination, Defendant failed to provide Plaintiff and the members of the proposed Class with accurate wage statements as required by California Labor Code section 226(a)(1) & (5).

## THIRD CAUSE OF ACTION

**(Unlawful, Unfair And Fraudulent Business Practices Pursuant To Business & Professions Code Section 17200, et seq. on behalf of Plaintiff and the Class)**

28. Plaintiff and the members of the proposed Class incorporate by reference the allegations contained in the foregoing paragraphs of this Complaint as if fully set forth herein.

29. Business & Professions Code section 17200, et seq., prohibits acts of unfair competition, defined as an "unlawful, unfair, or fraudulent business act or practice."

30. The policies, acts, and practices heretofore described were and are unlawful business acts or practices because Defendant's failure to pay accrued vacation wages upon termination, and failure to provide accurate and timely wage statements, violate various provisions of California law including but not limited to Labor Code sections 201, 203, 227.3, 2698, applicable Industrial Welfare Commission Wage Orders, and other provisions of California common and/or statutory law. Plaintiff reserves the right to allege additional statutory and common law violations by Defendant. Such conduct is ongoing to this date.

31. Further, the policies, acts or practices described herein were and are an unfair business act or practice because any justifications for Defendant's illegal and wrongful conduct were and are vastly outweighed by the harm such conduct caused to Plaintiff, proposed class members, and the members of the general public. Such conduct is ongoing to this date.

32. As a result of its unlawful and/or unfair and/or fraudulent acts, Defendant reaps and continues to reap unfair benefits and illegal profits at the expense of Plaintiff and class members. Defendant should be made to disgorge ill-gotten gains and provide restitution to

proposed class members and Plaintiff for the wrongfully withheld wages pursuant to Business and Professions Code section 17203. To stop Defendant from engaging this action in the future, Plaintiff also requests that this Court enter an injunction pursuant to Section 17203.

33. Accordingly, Plaintiff and the proposed Class respectfully request that the Court award judgment and relief in their favor, to provide restitution, and other types of equitable relief.

## FOURTH CAUSE OF ACTION

### (Labor Code Private Attorneys General Act of 2004: Labor Code Sec. 2698)

34. Plaintiff repeats and re-alleges each and every allegation contained in the foregoing paragraphs as if fully set forth herein.

35. The policies, acts and practices heretofore described were and are unlawful because Defendant's failure to pay its California employees accrued vacation wages upon their termination, failure to pay all wages due, as the accrued vacation time constitutes wages, and, failure to provide accurate wage statements to its California employees as required by California Labor Code section 226, in that the wage statements did not reflect the accrued vacation wages owed at termination, violates applicable Labor Code sections 201, 203, 226, and 227.3, and gives rise to statutory and civil penalties as a result of such conduct, including but not limited to penalties as provided by Labor Code sections 210, 226(3), 226.3, 2699(f), and 2699.5, and applicable Industrial Welfare Commission Wage Orders. Plaintiff, as an aggrieved employee, hereby seeks recovery of civil penalties as prescribed by the Labor Code Private Attorney General Act of 2004 on behalf of herself and other current and former employees of Defendant against whom one or more of the violations of the Labor Code was committed.

36. On November 22, 2017, Plaintiff gave written notice to the California Labor and Workforce Development Agency by online submission through their website and by certified mail to WinCo Holdings, Inc. dba WinCo Foods of Labor Code violations as prescribed by California Labor Code section 2699.3. Plaintiff has not received written notification by the LWDA of an intention to investigate the allegations set forth in Plaintiff's November 22, 2017, letter or written notice of cure by January 26, 2018, as prescribed by California Labor Code section 2699.3.

**FIFTH CAUSE OF ACTION**

**(Solely on Behalf of Plaintiff, Shirley Jaco)**

**(Physical Disability Discrimination/Retaliation: Cal. Gov. Code § 12940(a))**

37. Plaintiff incorporates by reference the allegations contained in the foregoing paragraphs of this Complaint as if fully set forth herein.

38. At all material times, Plaintiff was an employee covered by California Government Code section 12940, prohibiting discrimination in employment based on physical disability. Plaintiff has met the definition of "physically disabled," as during the pertinent time period, Plaintiff suffered from a physiological condition that "[l]imits a major life activity." Cal. Gov. Code § 12926(m)(1)(B). A qualifying condition "limits a major life activity" if it makes the achievement of the activity difficult. Cal. Gov. Code § 12926(m)(1)(B)(ii). The term "major life activities" is broadly construed and "includes physical, mental, and social activities and working." Cal. Gov. Code § 12926(m)(1)(B)(iii). "Working" is a major life activity, under the California Government Code, regardless of whether the actual or perceived working limitation implicates a particular employment or a class or broad range of employments. Cal. Gov. Code § 12926.1(c). Because Urgency Incontinence impacted all aspects of Plaintiff's life, it therefore impacted all of Plaintiff's major life activities, including work. After the onset of Plaintiff's Urgency Incontinence, Plaintiff sought help from her healthcare provider who put Plaintiff on medication to assist with the symptoms.

39. Defendant was, at all times material hereto, an employer within the meaning of California Government Code section 12926(d), and as such, is barred from discriminating against employees on the basis of physical disability.

40. From approximately August 2016 to early Spring 2017, Plaintiff suffered from a physical disability, namely "Urgency or Urge Incontinence." Urge or Urgency Incontinence is caused by abnormal bladder contractions. Normally, strong muscles called sphincters control the flow of urine from the bladder. With Urgency Incontinence, the muscles of an overactive bladder contract with enough force to override the sphincter muscles of the urethra, which is the tube that takes urine out of the body. Urgency Incontinence causes those suffering from the

condition to suffer from intense urges to urinate followed by involuntary urination.  For Plaintiff, by the time Plaintiff realized her body had to urinate, Plaintiff only had a short period of time to get to the restroom, before her body would urinate.  During the pertinent time period, this condition was made even more severe and exacerbated by the stress Plaintiff constantly suffered at work because although Defendant was aware of Plaintiff's condition (Plaintiff's manager and lead clerk had knowledge of her condition), often, when Plaintiff turned her light on to be relieved for a break, Defendant would not relieve her to urinate, or would do so too late, and Plaintiff would urinate on herself, and have to work the rest of her shift in soiled pants.  During this time period, Plaintiff suffered the need to urinate on every four hour shift, and sometimes on more than one occasion per shift.

41. Plaintiff's urgency incontinence condition also meets the definition of a physical disability within the meaning of California Government Code section 12926(m) because in addition to Plaintiff's ability to work, the condition limited one or more of Plaintiff's other major life activities within the meaning of California Government Code sections 12926(m)(1)(B) and 12926.1.  Specifically, the urgency incontinence limited Plaintiff's ability to sleep, as she would wake up multiple times per night to immediately urinate, and often had trouble falling back asleep again.  Urgency incontinence also significantly limited Plaintiff's social activities because she could not go places in which she did not have fast access to a restroom (e.g. shopping with friends).

42. Defendant was aware of her condition.  Plaintiff informed her manager of her disability immediately after she discovered it.  Approximately two weeks before Defendant terminated Plaintiff, Plaintiff's manager asked Plaintiff if her condition was getting better.  Plaintiff explained that, at that time, it was not.  In addition, the lead clerks were also told of Plaintiff's condition.

43. Defendant failed to provide Plaintiff reasonable accommodations for her urgency incontinence.  Approximately 80-90% of the time, Defendant either failed to relieve Plaintiff or did not relieve her on time and Plaintiff would involuntarily urinate on herself.  On at least two

occasions after the lead clerk had learned of Plaintiff's disability, the lead clerk saw Plaintiff's light on and instructed her to turn it off and that she could not leave.

44. At all material times, Plaintiff held the position of cashier. And at all material times, Plaintiff could perform the essential functions of the cashier position with her disability. Plaintiff was qualified to do her job, as evidenced by the length of time that Plaintiff held this position and her performance evaluations. Plaintiff worked as a cashier for WinCo for approximately 10 years, receiving good performance evaluations. Plaintiff also received positive feedback from customers when she worked as a cashier. In addition to her good performance as a cashier, prior to working as a cashier, Plaintiff performed well in the bakery department at WinCo, where she worked for approximately three to six months. WinCo customers specifically asked for Plaintiff to make or decorate their cakes. After Plaintiff became a cashier, on several occasions, WinCo workers from the bakery asked Plaintiff to help them decorate cakes. Because at all material times, Plaintiff could perform her essential job functions with her disability, Defendant's termination of Plaintiff is not protected by Government Code section 12940(1).

45. Defendant discriminated against Plaintiff on the basis of her physical disability in multiple violations of California Government Code section 12940 by engaging in a course of conduct intentionally designed to discriminate against Plaintiff on the basis of her disability. This conduct culminated in Defendant's unlawful, discriminatory termination on or about November 25, 2016.

46. As a proximate result of Defendant's discrimination, Plaintiff suffered and continues to suffer substantial losses in earnings, bonuses, deferred compensation and other employment benefits, and has suffered and continues to suffer embarrassment, anger, humiliation, depression, anxiety attacks, frustration and other highly unpleasant mental anguish, in addition to the physical pain derived from her physical disability, all in an amount according to proof.

47. Plaintiff filed a timely charge of discrimination, retaliation and wrongful termination with the Department of Fair Employment and Housing ("DFEH") and, on or about

October 30, 2017, received a timely notice of the right to sue in California Superior Court pursuant to California Government Code section 12965(b), permitting Plaintiff to bring this action. Therefore, Plaintiff exhausted all of her administrative remedies.

48. Defendant, in doing the acts and failing to do the acts as herein alleged, acted maliciously, fraudulently, and oppressively, with the wrongful intention of injuring Plaintiff, and in conscious disregard of said Plaintiff's rights. In addition, Defendant abused its position of authority and ratified the discriminatory conduct of its employees. Plaintiff is thus entitled to recover punitive damages from Defendant, in an amount according to proof. As a result of Defendant's discriminatory acts as alleged herein, Plaintiff is entitled to an award of reasonable attorneys' fees and costs of suit as provided by California Government Code section 12965(b).

**SIXTH CAUSE OF ACTION**

**(Solely on Behalf of Plaintiff, Shirley Jaco)**

**(Failure To Take Steps To Prevent Discrimination: Cal. Gov. Code § 12940(k))**

49. Plaintiff incorporates by reference the allegations contained in the foregoing paragraphs as if fully set forth herein.

50. At all material times, Plaintiff was an employee covered by California Government Code section 12940, prohibiting discrimination in employment based on physical disability.

51. Defendant was, at all times material hereto, an employer within the meaning of California Government Code section 12926(d), and as such, is barred from discriminating against employees on the basis of physical disability.

52. During her employment, Defendant failed to provide Plaintiff a reasonable accommodation for her physical condition, failed to engage in the interactive process, and ultimately fired Plaintiff due to her physical disability and/or requests for accommodation. Plaintiff suffered from physical disability, namely "Urgency Incontinence." Plaintiff notified Defendant that she suffered from this condition, and requested accommodations therefore, due to her inability to control her urge to urinate due to the condition. Although Defendant stated that it

would accommodate Plaintiff for her physical disability, Defendant did nothing. Defendant ultimately terminated Plaintiff on November 25, 2016, asserting it did so because of a minor infraction, that arose, in part, due to the stress Plaintiff suffered due Defendant's failure to accommodate her physical condition. Discrimination on the basis of an employee's physical disability by any agent of a Defendant employer is unlawful. California Government Code § 12940(k). By engaging in this conduct, Defendant failed to take action to provide a workplace free of harassment, discrimination, and retaliation.

53. As a proximate result of Defendant's discrimination, Plaintiff suffered and continues to suffer substantial losses in earnings, bonuses, deferred compensation and other employment benefits, and has suffered and continues to suffer embarrassment, anger, humiliation, frustration, depression, anxiety attacks, and other highly unpleasant mental anguish, in addition to the physical pain derived from her physical disability, all in an amount according to proof.

54. Plaintiff filed a timely charge of discrimination, retaliation and wrongful termination with the Department of Fair Employment and Housing ("DFEH") and, on or about October 30, 2017, and received a timely notice of the right to sue in California Superior Court pursuant to California Government Code section 12965(b), permitting Plaintiff to bring this action. Therefore, Plaintiff exhausted all of her administrative remedies.

55. Defendant, in doing the acts and failing to do the acts as herein alleged, acted maliciously, fraudulently, and oppressively, with the wrongful intention of injuring Plaintiff, and in conscious disregard of said Plaintiff's rights. In addition, Defendant abused its position of authority and ratified the discriminatory conduct of its employees. Plaintiff is thus entitled to recover punitive damages from Defendant, in an amount according to proof. As a result of Defendant's discriminatory acts as alleged herein, Plaintiff is entitled to an award of reasonable attorneys' fees and costs of suit as provided by California Government Code section 12965(b).

**SEVENTH CAUSE OF ACTION**

**(Solely on Behalf of Plaintiff, Shirley Jaco)**

**(Failure to Provide Reasonable Accommodations Cal. Gov. Code §§ 12940(m))**

56. Plaintiff incorporates by reference the allegations contained in the foregoing paragraphs of this Complaint as if fully set forth herein.

57. At all times material hereto, Plaintiff suffered from a physical disability within the meaning of California Government Code section 12926(m). At all times material hereto, Plaintiff could perform her essential job functions with her disability.

58. From approximately August 2016 to early Spring 2017, Plaintiff suffered from a physical disability, namely "Urgency or Urge Incontinence." Urge or Urgency Incontinence is caused by abnormal bladder contractions. Normally, strong muscles called sphincters control the flow of urine from the bladder. With Urgency Incontinence, the muscles of an overactive bladder contract with enough force to override the sphincter muscles of the urethra, which is the tube that takes urine out of the body. Urgency Incontinence causes those suffering from the condition to suffer from intense urges to urinate followed by involuntary urination. For Plaintiff, by the time Plaintiff realized her body had to urinate, Plaintiff only had a short period of time to get to the restroom, before her body would urinate. From approximately August 2016, to the time of her termination, Plaintiff's condition was severe, as it was exacerbated by the stress Plaintiff suffered at work. Plaintiff specifically alerted Defendant to her condition and her need for accommodation. However, when Plaintiff turned her light on to be relieved for a break, Defendant would not relieve her to urinate, or would do so too late, and Plaintiff would involuntarily urinate on herself, and have to work the rest of her shift in soiled pants. On more than one occasion, Defendant specifically told Plaintiff that she could not leave her register to go to the restroom.

59. At all relevant times herein, Defendant failed to determine what reasonable accommodations existed for the known physical disability of Plaintiff, in violation of California Government Code section 12940(m).

60. As a proximate result of Defendant's discrimination, Plaintiff suffered and continues to suffer substantial losses in earnings, bonuses, deferred compensation and other

employment benefits, and has suffered and continues to suffer embarrassment, anger, humiliation, frustration depression, anxiety attacks, and other highly unpleasant mental anguish, in addition to the physical pain derived from her physical disability, all in an amount according to proof.

61. Plaintiff filed a timely charge of discrimination, retaliation and wrongful termination with the Department of Fair Employment and Housing ("DFEH") and, on or about October 30, 2017, and received a timely notice of the right to sue in California Superior Court pursuant to California Government Code section 12965(b), permitting Plaintiff to bring this action. Therefore, Plaintiff exhausted all of her administrative remedies.

62. Defendant, in doing the acts and failing to do the acts as herein alleged, acted maliciously, fraudulently, and oppressively, with the wrongful intention of injuring Plaintiff, and in conscious disregard of said Plaintiff's rights. In addition, Defendant abused its position of authority and ratified the discriminatory conduct of its employees. Plaintiff is thus entitled to recover punitive damages from Defendant, in an amount according to proof. As a result of Defendant's discriminatory acts as alleged herein, Plaintiff is entitled to an award of reasonable attorneys' fees and costs of suit as provided by California Government Code section 12965(b).

## EIGHTH CAUSE OF ACTION

**(Solely on Behalf of Plaintiff, Shirley Jaco)**

**(Failure to Engage in the Interactive Process; Cal. Gov. Code §§ 12940(n))**

63. Plaintiff incorporates by reference the allegations contained in the foregoing paragraphs of this Complaint as if fully set forth herein.

64. During her employment, Plaintiff alerted Defendant of her known physical disability. From approximately August 2016 to early Spring 2017, Plaintiff suffered from a physical disability, namely "Urgency or Urge Incontinence." Urge or Urgency incontinence is caused by abnormal bladder contractions. Normally, strong muscles called sphincters control the flow of urine from the bladder. With Urgency Incontinence, the muscles of an overactive bladder contract with enough force to override the sphincter muscles of the urethra, which is the tube that takes urine out of the body. Urgency Incontinence causes those suffering from the

condition to suffer from intense urges to urinate followed by involuntary urination. For Plaintiff, by the time Plaintiff realized her body had to urinate, Plaintiff only had a short period of time to get to the restroom, before her body would urinate. From approximately August 2016 to the time of her termination, Plaintiff's condition was severe, as it was exacerbated by the stress Plaintiff suffered at work. Plaintiff specifically alerted Defendant to her condition and her need for accommodation. However, when Plaintiff turned her light on to be relieved for a break, Defendant would not relieve her to urinate, or would do so too late, and Plaintiff would involuntarily urinate on herself, and have to work the rest of her shift in soiled pants. On more than one occasion, Defendant specifically told Plaintiff that she could not leave her register to go to the restroom.

65. Defendant failed to engage in the interactive process with Plaintiff to determine effective reasonable accommodations for Plaintiff after learning of Plaintiff's physical disability, in violation of California Government Code section 12940(n). Defendant did not, at any point in time, propose any reasonable accommodation in response to Plaintiff's request. Rather, Defendant failed to comply with Plaintiff's request for a reasonable accommodation, although Defendant stated that it would do so.

66. As a proximate result of Defendant's discrimination, Plaintiff suffered and continues to suffer substantial losses in earnings, bonuses, deferred compensation and other employment benefits, and has suffered and continues to suffer embarrassment, anger, humiliation, frustration, depression, anxiety attacks and other highly unpleasant mental anguish, in addition to the physical pain derived from her physical disability, all in an amount according to proof.

67. Plaintiff filed a timely charge of discrimination, retaliation and wrongful termination with the Department of Fair Employment and Housing ("DFEH") and, on or about October 30, 2017, and received a timely notice of the right to sue in California Superior Court pursuant to California Government Code section 12965(b), permitting Plaintiff to bring this action. Therefore, Plaintiff exhausted all of her administrative remedies.

68.     Defendant, in doing the acts and failing to do the acts as herein alleged, acted maliciously, fraudulently, and oppressively, with the wrongful intention of injuring Plaintiff, and in conscious disregard of said Plaintiff's rights.  In addition, Defendant abused its position of authority and ratified the discriminatory conduct of its employees.  Plaintiff is thus entitled to recover punitive damages from Defendant, in an amount according to proof.  As a result of Defendant's discriminatory acts as alleged herein, Plaintiff is entitled to an award of reasonable attorneys' fees and costs of suit as provided by California Government Code section 12965(b).

## NINTH CAUSE OF ACTION

**(Solely on Behalf of Plaintiff, Shirley Jaco)**

**(Wrongful Termination In Violation Of Public Policy -
Article I, section 8, of the California Constitution)**

69.     Plaintiff incorporates by reference the allegations contained in the foregoing paragraphs of this Complaint as if fully set forth herein.

70.     On or about November 25, 2016, Defendant terminated Plaintiff.  By engaging in the discriminatory actions alleged, failing to accommodate Plaintiff's physical disability, failing to engage in the interactive process, and failing to provide Plaintiff a workplace free of discrimination, Defendant created an intolerable work environment for Plaintiff from the time Defendant learned of Plaintiff's physical disability and/or her request for corresponding reasonable accommodations, to the time Defendant fired her.  Said discharge was unlawful and in violation of public policy, article I, section 8, of the California Constitution, and California Government Code section 12940 because said discharge was on the basis of Plaintiff's physical disability and in retaliation for Plaintiff requesting a reasonable accommodation for her physical disability.

71.     As a proximate result of Defendant's discrimination, Plaintiff suffered and continues to suffer substantial losses in earnings, bonuses, deferred compensation and other employment benefits, and has suffered and continues to suffer embarrassment, anger, humiliation, frustration depression, anxiety attacks and other highly unpleasant mental anguish,

in addition to the physical pain derived from her physical disability, all in an amount according to proof.

72. Defendant, in doing the acts and failing to do the acts as herein alleged, acted maliciously, fraudulently, and oppressively, with the wrongful intention of injuring Plaintiff, and in conscious disregard of Plaintiff's rights. In addition, Defendant abused its position of authority and ratified the discriminatory conduct of its employees. Plaintiff is thus entitled to recover punitive damages from Defendant, in an amount according to proof. As a result of Defendant's discriminatory acts as alleged herein, Plaintiff is entitled to an award of reasonable attorneys' fees and costs of suit as provided by California Government Code section 12965(b).

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff prays for relief as follows:

1. For an award of general damages/restitution in an amount according to proof, plus interest thereon at the legal rate;

2. For an award of punitive damages in an amount according to proof;

3. For special damages, including lost wages, in an amount according to proof, plus interest thereon at the legal rate;

4. For costs of suit incurred herein;

5. For an award of attorneys' fees, and;

6. For such other relief as this Court deems just and proper.

## JURY DEMAND

Plaintiff hereby demands a trial by jury.

Date: January 26, 2018

WORKMAN LAW FIRM, PC

By: /s/Robin G. Workman
Robin G. Workman
*Attorneys for Shirley Jaco,*
*and all others similarly situated*