1

2

3

4

5

6

7

8                          UNITED STATES DISTRICT COURT

9                       FOR THE EASTERN DISTRICT OF CALIFORNIA

10

11 | SHIRLEY JACO, on behalf of herself and        No.  1:18-cv-00301-DAD-EPG
   | all others similarly situated,

12

13 |               Plaintiff,                       ORDER GRANTING IN PART PLAINTIFF'S
                                                    MOTION TO CERTIFY ORDER FOR
14 |        v.                                      INTERLOCUTORY APPEAL AND
                                                    STAYING THE CASE PENDING APPEAL
15 | WINCO HOLDINGS, INC. and DOES 1
   | through 50, inclusive,                         (Doc. No. 35)

16 |               Defendants.

17

18          This matter is before the court on plaintiff Shirley Jaco's motion to certify this court's

19   March 31, 2019 order, granting in part defendant's motion to dismiss (Doc. No. 28), for an

20   interlocutory appeal.  (Doc. No. 35.)  A hearing on this motion was held on June 18, 2018.

21   Attorney Robin G. Workman appeared telephonically on behalf of plaintiff Shirley Jaco.

22   Attorney Julie G. Yap appeared telephonically on behalf of defendant Winco Holdings, Inc.  For

23   the reasons set forth below, the court grants plaintiff's motion in part and certifies the issue of

24   whether plaintiff's claim to accrued vacation wages is capable of being waived by way of a

25   collective bargaining agreement.  In addition, the court will stay this case while the interlocutory

26   appeal is pending before the United States Court of Appeals for the Ninth Circuit.

27   /////

28   /////

## BACKGROUND

The allegations of plaintiff's operative complaint were fully addressed in the court's March 31, 2019 order and will not be repeated here. (*See* Doc. No. 28 at 1–3.) In that prior order, the court dismissed plaintiff's first through fourth causes of action with prejudice; struck plaintiff's class and representative claims which were based on alleged violations of California Labor Code § 227.3; and dismissed plaintiff's fifth through ninth causes of action with leave to amend. (*Id.* at 15–16.) This case currently proceeds on plaintiff's May 6, 2019 third amended complaint ("TAC"). (Doc. No. 34.) On May 15, 2019, plaintiff filed a motion to certify the court's March 31, 2019 order for interlocutory appeal. (Doc. No. 35.) Defendant filed an opposition on June 4, 2019. (Doc. No. 39.) Plaintiff filed a reply on June 11, 2019. (Doc. No. 40.)

## LEGAL STANDARDS

The district court may certify an interlocutory appeal to the circuit court of appeal when an order that is not otherwise appealable involves "a controlling question of law as to which there is substantial ground for difference of opinion" and "an immediate appeal from the order may materially advance the ultimate termination of the litigation." 28 U.S.C. § 1292(b). If these grounds are not met, the circuit court lacks jurisdiction to hear the matter. *See* 28 U.S.C. § 1291 (granting jurisdiction generally to the circuit courts only over "final decisions" of the district courts); *Couch v. Telescope, Inc.*, 611 F.3d 629, 632–33 (9th Cir. 2010) (noting that the statutory restrictions of 28 U.S.C. § 1292(b) are jurisdictional). This statutory provision "was intended primarily as a means of expediting litigation by permitting appellate consideration during the early stages of litigation of legal questions which, if decided in favor of the appellant, would end the lawsuit. . .." *United States v. Woodbury*, 263 F.2d 784, 787 (9th Cir. 1959). Ultimately, however, the question need not be dispositive of the lawsuit for an interlocutory appeal to be appropriate. *Id.*

Certification of a question for interlocutory appeal requires the district court to find, in writing, that all the following requirements under § 1292(b) are met: (1) there is a controlling question of law; (2) there is substantial ground for difference of opinion about that question of

law; and (3) an immediate appeal may materially advance the ultimate termination of the litigation. *Couch*, 611 F.3d at 633. If any of the requirements are not met, then the order certifying the questions is jurisdictionally defective. *Id.* Certification of interlocutory appeals is the exception, not the rule, and therefore § 1292(b) "must be construed narrowly." *James v. Price Stern Sloan, Inc.*, 283 F.3d 1064, 1068 n.6 (9th Cir. 2002).

## DISCUSSION

To the extent this court's March 31, 2019 order granted defendant's motion to dismiss, it did so based upon a conclusion that plaintiff's state law claims[1] for failure to pay employees all accrued vacation wages upon termination were preempted by the Labor Management Relations Act ("LMRA"), 29 U.S.C. § 185(a), and that the WinCo collective bargaining agreement ("CBA") clearly and unmistakably waived WinCo's employees' right to receive accrued vacation pay upon termination under identified circumstances. (*See* Doc. No. 28.) Plaintiff now argues that an interlocutory appeal of both of these holdings is appropriate pursuant to 28 U.S.C. § 1292(b). (Doc. No. 35-1.)

## A.     Controlling Question of Law

Plaintiff argues there are two separate controlling questions of law which are appropriate for interlocutory appeal: (1) whether a CBA can validly waive an employee's right to accrued and unused vacation time upon termination (hereinafter "the waiver issue"); and (2) whether a CBA providing for the forfeiture of accrued and unused vacation time upon termination invokes the LMRA, and thus preempts state law claims (hereinafter "the preemption issue"). (Doc. No. 35-1 at 12–13.) Defendant advances separate arguments as to why each of these issues fails to present a controlling question of law for purposes of § 1292(b). (*See* Doc. No. 39 at 13–18; 18–21.)

/////

---

[1] When faced with unresolved and dispositive issues of California law, a federal circuit court may find that certification of a question to the California Supreme Court is warranted. *See Barnes-Wallace v. City Of San Diego*, 607 F.3d 1167, 1175 (9th Cir. 2010); *Int'l Soc'y for Krishna Consciousness of Cal. Inc. v. City of Los Angeles*, 530 F.3d 768, 770 (9th Cir. 2008), *certified question answered*, 48 Cal. 4th 446 (2010).

A question of law is "controlling" under § 1292(b) if resolving it on appeal could materially affect the outcome of the litigation in the district court. *In re Cement Antitrust Litig.*, 673 F.2d 1020, 1026 (9th Cir. 1982). Moreover, although it appears the Ninth Circuit has not had occasion to address the issue, other courts have found the question of law at involved must be a "pure question of law," not a mixed question of law and fact, or an application of law to a specific set of facts. *See Ahrenholz v. Board of Trs.*, 219 F.3d 674, 675–77 (7th Cir. 2000) (observing that Congress was referring to a pure question of law in § 1292(b), because "if a case turned on a pure question of law, something the court of appeals could decide quickly and cleanly without having to study the record, the court should be enabled to do so without having to wait till the end of the case."); *Park W. Galleries, Inc. v. Hochman*, 692 F.3d 539, 543 (6th Cir. 2012) ("On interlocutory appeal, we do not review the district court's findings of fact, and instead consider only pure questions of law.") (quotations omitted); *Kennedy v. St. Joseph's Ministries, Inc.*, 657 F.3d 189, 195 (4th Cir. 2011) (an interlocutory appeal is appropriate under § 1292(b) when the court is "faced with a pure question of law"); *McFarlin v. Conseco Servs., LLC*, 381 F.3d 1251, 1259 (11th Cir. 2004) ("To summarize, § 1292(b) appeals were intended, and should be reserved, for situations in which the court of appeals can rule on a pure, controlling question of law without having to delve beyond the surface of the record in order to determine the facts."); *see also Bibeau v. Pac. Nw. Research Found. Inc.*, 188 F.3d 1105, 1113 (9th Cir. 1999) (noting an interlocutory appeal "will not lie for such claims if the district court determines that there are genuine issues of fact involved"); *Haw. ex rel. Louie v. JP Morgan Chase & Co.*, 921 F. Supp. 2d 1059, 1065–66 (D. Haw. 2013) (noting the pure question of law standard and deciding that, despite the existence of *some* factual disputes, an interlocutory appeal could be certified on questions of law); *Rieve v. Coventry Health Care, Inc.*, 870 F. Supp. 2d 856, 879 (C.D. Cal. 2012) (declining to certify an interlocutory appeal that did not involve a pure question of law).[2]

---

[2] The Ninth Circuit has noted a narrow exception to the general rule that interlocutory appeals are permitted only for pure questions of law; when at least one pure legal question is present, the court may "resolve all questions material to the order." *Steering Comm. v. United States*, 6 F.3d 572, 575–76 (9th Cir. 1993) (reaching both a legal issue of the standard of care and the application of that standard to the facts of the case).

1      1.    Wa<u>iver</u>[3]

2             First, the question of whether an employee's right to accrued and unused vacation time

3      upon termination can be forfeited by the terms of a CBA is a pure question of law involving the

4      interpretation of California Labor Code § 227.3.  Moreover, that question of law is sufficiently

5      novel because it involves the interpretation of arguably inconsistent California court decisions.

6      As indicated in the March 31, 2019 order resolving defendant's motion to dismiss, the

7      undersigned had difficulty reconciling the California Supreme Court authority holding that vested

8      vacation time is protected from forfeiture by § 227.3, *see, e.g.*, *Suastez v. Plastic Dress-Up Co.*,

9      31 Cal. 3d 774, 784 (1982), with a decision of the California Court of Appeal suggesting that an

10     employee may waive her right under § 227.3 to payment for accrued vacation time by way of a

11     CBA if the agreement is clear and unmistakable, *see Choate v. Celite Corp.*, 215 Cal. App. 4th

12     1460, 1465 (2013).  (Doc. No. 28 at 5–8.)  Ultimately, the court was persuaded by the decision in

13     *Choate*, which concluded that although the waiver in the CBA before it was not clear and

14     unmistakable, unions could bargain away their members' statutory right to payment under §

15     227.3.  *See Choate*, 215 Cal. App. 4th at 1465.  This question turns strictly on an interpretation of

16     the applicable California statutes.  Accordingly, the court concludes that the waiver issue

17     addressed in its March 31, 2019 order is a controlling question of law for purposes of determining

18     whether an interlocutory appeal is permissible here under 28 U.S.C. § 1292.

19            2.    <u>Preemption</u>

20            Plaintiff also argues that the preemption question is a controlling question of law because

21     resolution of that issue will determine whether her state law claims remain viable.  (Doc. No. 35-1

22     at 13.)  While this is true, the question of whether a CBA providing for the forfeiture of accrued

23     but unused vacation time upon termination invokes the LMRA and preempts an employees' state

24     law claims is, nonetheless, not a pure question of law.  Instead, the answer to that question is

25     arrived at by applying established legal precedent to a novel factual situation.  As such, that

26     question is not the appropriate subject for certification of an interlocutory appeal if considered

27     _____

28     [3]  This issue was labeled as "Exemption" in the court's March 31, 2019 order.  (*See* Doc. No. 28
       at 5.)

independently of the closely related waiver issue.  As discussed in the court's March 31, 2019 order, the Ninth Circuit has previously addressed and made clear how district courts are to determine whether a state law cause of action is preempted by § 301 of the LMRA.  *See McCray v. Marriott Hotel Servs., Inc.*, 902 F.3d 1005, 1011 (9th Cir. 2018) (state law claims that look to the CBA are not preempted, whereas state law claims that require interpretation of a CBA are preempted); *Burnside v. Kiewit Pac. Corp.*, 491 F.3d 1053, 1059–60 (9th Cir. 2007) (identifying the two-step inquiry for determining preemption).  It is true that there are differences in opinion as to how this standard is to be applied.  *See McCray*, 902 F.3d at 1011 ("[T]he line between reference to and interpretation of an agreement may be somewhat hazy. . ..") (citing *Ramirez v. Fox Television Station, Inc.*, 998 F.2d 743, 749 (9th Cir. 1993)).  However, such differences of opinion do not call into doubt the controlling legal standard.

Here, in resolving the preemption issue posed by defendant's motion to dismiss, the court applied established legal precedent to the facts of this case.  The court assumed *arguendo* that the right at issue existed independently of the CBA and noted that it was still required to consider whether the right was substantially dependent on the CBA.  (*See* Doc. No. 28 at 10.)  Here, plaintiff was terminated after being cited for theft and "gross misconduct," a term used in the applicable CBA.  (*See* Doc. No. 4-1 at 13) ("Vacation earned but not taken will not be paid to employees terminated for gross misconduct.").  The court concluded that plaintiff's claim for payment of accrued vacation time upon her termination had been contemplated by the CBA and that resolution of that claim would require interpretation of, rather than mere reference to, the CBA.  (*Id.*)  This analysis was based on a review of the language of the CBA and did not involve resolution of any novel question of controlling law.

Plaintiff argues that "[i]nterlocutory appeal of this question is appropriate not because Plaintiff asserts that the Court erred in reaching this conclusion . . . but because the courts have differing opinion[s] on whether to even reach preemption arguments where a waiver of 227.3 rights is involved."  (Doc. No. 40 at 6.)  However, at the hearing on the pending motion, plaintiff's counsel agreed with the undersigned's observation that the waiver and preemption issues, although intertwined, were distinct.

It is the court's view that unlike the waiver issue, the preemption issue cannot be fairly characterized as a controlling question of law for purposes of interlocutory appeal. In any event, this court's view on this point may have little practical impact. This is because when "an order is certified for appellate review, 'appellate jurisdiction applies to the order certified . . . and is not tied to the particular question formulated by the district court.'" *Couch*, 611 F.3d at 634 (quoting *Yamaha Motor Corp., U.S.A. v. Calhoun*, 516 U.S. 199, 205 (1996)). Nonetheless, for the reasons stated above, the undersigned determines that the preemption issue in this case does not independently pose a controlling issue of law.[4]

**B.    Substantial Ground for Difference of Opinion**

The court has concluded that the preemption issue is not a controlling issue for the purposes of interlocutory appeal. Therefore, the court need only analyze if the waiver issue— whether a CBA can validly waive an employee's right to accrued and unused vacation time upon termination—is one that provides substantial ground for differences of opinion.

Plaintiff advances numerous arguments for why there is substantial ground for difference of opinion about the waiver issue. (Doc. No. 28 at 5.) The court finds these arguments to be persuasive. As noted above, the undersigned's March 31, 2019 order struggled to reconcile decisions of the California Supreme Court and the *Choate* decision by the California Court of Appeal in resolving the waiver issue. (*See* Doc. No. 28 at 5–8.) Defendant argues that there is no uncertainty in the law and that the decision in *Johnson v. Sky Chefs, Inc.*, 2012 WL 4483225 (N.D. Cal. 2012), which concluded that payment for accrued but unused vacation time could not

---

[4]  The court is not persuaded by defendant's assertion that the court must include both issues if it certifies the case for interlocutory appeal. In this regard, defendant argues plaintiff must show that both are controlling issues of law because the court's order concluded that plaintiff's claims were both waived and preempted and each of those basis is independently sufficient to bar her claims. (Doc. No. 39 at 7.) This is not necessarily the case. For instance, the Ninth Circuit could vacate this court's March 31, 2019 order and hold that § 227.3 does not permit unions to waive, by way of a CBA, employees' right to be paid for accrued but unused vacation time upon termination. If that were the case, the section in the CBA that waives such rights where theft or "gross misconduct" is involved would be effectively invalidated. This would impact this court's analysis, since there would then be nothing relevant to look to or interpret in the CBA. Such an appellate ruling would then almost certainly cause this court to conclude that plaintiff's claim is not preempted by the LMRA.

7

be waived, was issued prior to the "binding authority" of *Choate*, which appears to reach the opposite conclusion. (Doc. No. 39 at 14–18.) This argument does not address the undersigned's perception of the long-standing principle under California law that the right to a paid vacation vests when the labor is rendered and is subject to absolute protection from forfeiture. *See Suastez*, 31 Cal. 3d at 784 ("Once vested, the right [to a paid vacation] is protected from forfeiture by section 227.3."); *Rhea v. Gen. Atomics*, 227 Cal. App. 4th 1560, 1571 (2014) ("California law prohibits an employer from requiring the forfeiture of vacation time . . . as a general principle."); *Church v. Jamison*, 143 Cal. App. 4th 1568, 1576 (2006) ("Thus, termination of employment is the event that converts the employer's obligation to allow an employee to take vacation from work into the monetary obligation to pay that employee for unused vested vacation time."); *Boothby v. Atlas Mechanical, Inc.*, 6 Cal. App. 4th 1595, 1601–02 (1992) ("[S]ection 227.3 and *Suastez* prohibit any forfeiture of a private employee's vested vacation time.").

      The court finds that there is substantial ground for differences in opinion due to a conflict between long-standing principles of law stated by the California Supreme Court and authority specific to this issue from a California Court of Appeal in the *Choate* decision. "Where there is no convincing evidence that the state supreme court would decide differently, a federal court is obligated to follow the decisions of the state's intermediate appellate courts." *Beeman v. Anthem Prescription Mgmt., LLC*, 689 F.3d 1002, 1007–08 (9th Cir. 2012) (citing *Ryman v. Sears, Roebuck & Co.*, 505 F.3d 993, 995 (9th Cir. 2007) (quotation, alteration, and citation omitted)), *certified question answered*, 58 Cal. 4th 329 (2013). Though this court's March 31, 2019 order ultimately followed the opinion in *Choate*, it may well have been reasonable to rule differently in attempting "to predict how the California Supreme Court would rule were it faced with the facts at issue here." *Civic Ctr. Drive Apts. Ltd. P'ship v. Sw. Bell Video Servs.*, 295 F. Supp. 2d 1091, 1106 (N.D. Cal. 2003) (citing *Amfac Mortg. Corp. v. Ariz. Mall of Tempe, Inc.*, 583 F.2d 426, 434 (9th Cir. 1978)). In short, the court concludes that the waiver issue presented in this case is one upon which there is substantial ground for a difference in opinion.

/////

/////

8

**C.      Whether Certification of an Interlocutory Appeal Would Materially Advance the Termination of the Litigation**

Finally, the court analyzes whether certifying an interlocutory appeal on the waiver issue would materially advance the termination of this litigation.  "A Section 1292(b) certification materially advances the ultimate termination of the litigation where the interlocutory appeal eliminates:  (1) the need for trial; (2) complex issues that would complicate trial; or (3) issues that would make discovery more costly or burdensome."  *FTC v. Wyndham Worldwide Corp.*, 10 F. Supp. 3d 602, 635 (D.N.J. 2014), *aff'd*, 799 F.3d 236 (3d Cir. 2015); *see also, e.g.*, *Coates v. Brazoria County*, 919 F. Supp. 2d 863, 867 (S.D. Tex. 2013) (same).

Defendant argues that regardless of how the Ninth Circuit might rule on the waiver issue, plaintiff's other individual claims will remain.  (Doc. No. 39 at 22.)  "However, neither § 1292(b)'s literal text nor controlling precedent requires that the interlocutory appeal have a final, dispositive effect on the litigation, only that it 'may materially advance' the litigation."  *Reese v. BP Expl. (Alaska) Inc.*, 643 F.3d 681, 688 (9th Cir. 2011) (citing 28 U.S.C. § 1292(b)).  Therefore, the court does not find the fact of remaining individual claims alone to be a persuasive reason for denying certification of an interlocutory appeal here.

Despite not posing the potential of immediately terminating this action, an interlocutory appeal may materially advance the litigation because it would prevent a duplicative discovery process if this court's prior order were to be vacated.  "If the Court's dismissal of [plaintiff's] . . . claim were reversed after a final judgment, the Court and the parties would be required to undertake another round of discovery, more dispositive motions, and potentially another trial."  *Howard v. Office of Chief Admin. Officer of U.S. House of Reps.*, 840 F. Supp. 2d 52, 57 (D.D.C. 2012).  Here, an interlocutory appeal would also clarify the issues at this early stage of the litigation (i.e., prior to discovery) and, assuming that the case is also stayed in this court, would resolve whether plaintiff could proceed with claims on behalf of a class without waiting until the entire case as to plaintiff's individual claims has concluded.  Following the court's March 31, 2019 order, this action would now proceed only on plaintiff's individual disability discrimination claims, since her class and representative claims based on alleged violations of § 227.3 have been

stricken.  (*See* Doc. No. 28 at 15.)  It would be a highly inefficient if this case proceeded through discovery and was tried as an individual action, was then appealed to the Ninth Circuit following a trial on those individual claims, and then was reversed and remanded to this court to reinitiate discovery with respect to class and representative claims.  This is especially true where, as here, the class and representative claims may have a significant factual overlap with plaintiff's individual disability discrimination claims.

The court also concludes that absent the granting of a stay of these proceedings, certifying an interlocutory appeal on the waiver issue would not materially advance the resolution of the litigation.  *See Reese*, 643 F.3d at 688; *Northstar Fin. Advisors Inc. v. Schwab Invs.*, No. C 08-4119 SI, 2009 WL 1126854, at *1 (N.D. Cal. Apr. 27, 2009) (certifying issue for interlocutory appeal and staying the balance of the case pending the appeal, after which "the issues will be significantly narrowed, thus shaping the scope of discovery and motion practice").  Without staying discovery as to plaintiff's individual claims, the court would lose any potential efficiency to be gained by an interlocutory appeal.  *See Hanni v. Am. Airlines, Inc.*, No. C 08-00732 CW, 2008 WL 5000237, at *7 (N.D. Cal. Nov. 21, 2008) (denying motion for certification of an interlocutory appeal because a reversal would result in "a second appeal, thus burdening the court of appeals with two appeals in the same case.").

At the hearing on the pending motion, plaintiff's counsel indicated that although plaintiff had not requested a stay of the proceedings before this court, she would nonetheless prefer to pursue an interlocutory appeal even if it was accompanied by such a stay.  The court therefore concludes that any prejudice resulting from the imposition of a stay would be outweighed by the potential benefit of an interlocutory appeal in this case.

## CONCLUSION

Accordingly,

1. Plaintiff's motion for certification for interlocutory appeal (Doc. No. 35) is granted in part as discussed above;

2. The undersigned certifies for interlocutory appeal its March 31, 2019 order denying in part and granting in part defendant's motion to dismiss (Doc. No. 28);

3.     This case is stayed pending the interlocutory appeal; and

4.     If the United States Court of Appeals for the Ninth Circuit does not accept the interlocutory appeal, the parties are ordered to notify the court within ten days to lift the stay.

IT IS SO ORDERED.

Dated:   **June 26, 2019**

_____
UNITED STATES DISTRICT JUDGE